IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERNEST MIESSEL GRUBB,

    Petitioner,

vs.                                        Case No. 4:08cv545-RH/WCS

TIMOTHY JAMES BUDZ,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause was initiated by the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner was twice directed to amend, and the second amended petition, doc. 12, was served. Doc. 13. A supplement was later filed and leave to supplement granted. Docs. 15 and 16.

Respondent filed a motion to dismiss the petition with prejudice. Doc. 17. Petitioner filed a response. Doc. 18.

Petitioner also filed a letter of "urgent notification," advising the court that his electronic legal records were taken for review and possible photocopying by

Respondent and staff at the Florida Civil Commitment Center. Doc. 19. He asks that the court cause an investigation or award other relief, and suggests that these people may be trying to undermine his case or act at the request of the Florida Attorney General.

The arguments have already been filed here, and these allegations do not go to the merits of the pending habeas proceeding.[1] The court lacks authority to commence any sort of investigation on Petitioner's behalf.

Petitioner is incarcerated at the Florida Civil Commitment Center. He challenges the decision on appeal following his civil commitment proceeding. As set forth in the first order to amend, referencing the initial petition (doc. 1):[2]

> [Petitioner] complains that he notified Respondents that the record was not complete and to halt the review process, and this request was erroneously denied. *Id.*, p. 6 (ground one). He claims the court failed to adhere to proper procedures and did not address the jurisdictional issue. *Id.*, p. 8 (ground two). He claims that Respondents failed to review the record on appeal, and issued a premature affirmance. *Id.*, p. 9 (ground 3). He asserts that Respondents' ruling of July 1, 2008, is in conflict with other rulings. *Id.*, p. 11 (ground four). For relief, Petitioner asks this court to overturn the affirmance of July 1, 2008, grant the habeas corpus petition filed in the Florida First District Court of Appeal, and to order his immediate release. *Id.*, p. 16.

---

[1] If appropriate, Petitioner may file a separate civil rights action pursuant to 42 U.S.C. § 1983. He is advised that if he files a civil rights complaint and in forma pauperis motion, he will be subject to the Prison Litigation Reform Act, which does not apply to this habeas corpus proceeding.

[2] References are to the page number assigned to the scanned document in the electronic case filing system (ECF). The first page of doc. 1 as filed was the instruction sheet for pro se petitioners, so p. 2 in ECF was actually the initial page of the petition.

Case No. 4:08cv545-RH/WCS

Doc. 5, p. 2. Petitioner was advised in that order that defects in review or collateral proceedings were unrelated to the underlying cause of confinement and did not state a claim for habeas corpus relief. *Id.*, p. 3.

> After the amended petition was filed, I found:
>
> The amended petition, like the initial petition, claims the state court erred in reviewing and deciding Petitioner's appeal. Petitioner has set forth many citations and legal axioms with little to no explanation of how they apply to the facts of his case. This is improper, and fails to comply with the directions of the previous order. . . .
>
> In light of the above, Petitioner shall file a second amended petition as follows. He shall submit *only* the completed form § 2254 petition (and two identical copies), setting forth only the facts relevant to his claim or claims for relief.[1] He *shall not* include *any* legal argument or citation to cases or other legal authority in his petition. He shall not supply exhibits. If an answer or other response to the second amended petition is directed, Respondent will furnish relevant portions of the state record.
>
> > [1] For example, Petitioner's main argument seems to be that his involuntary civil commitment is invalid because a personal summons was never served, and he did not waive service of process. If that is his claim it should be set forth as a separate ground for relief on the form petition, followed by a summary of facts to support it.

Doc. 10, pp. 1-2 and n. 1.

Petitioner therefore did not submit argument or exhibits with the second amended petition, though he referenced attachments to the first amended petition. Respondent has supplied little of the record, and refers to some of the exhibits to the first amended petition.

The second amended petition makes essentially the same claims as the initial petition in grounds one through four. Compare doc. 12, pp. 4-5 and doc. 1, pp. 6-11. The initial petition raised four grounds. In the second amended petition Petitioner raises

as ground five a due process violation, claiming he was never served by the State Attorney or the Sheriff with the personal mandatory summons issued on November 3, 2005. Doc. 12, p. 7. Petitioner alleges that he raised this by emergency petition for writ of habeas corpus on November 3, 2005, but the petition was stricken as a nullity – without review or an evidentiary hearing – on December 11, 2006. *Id.*

For relief, Petitioner seeks dismissal of the state cases with prejudice, immediate release from his illegal confinement which commenced on December 25, 2005, and any other appropriate relief. *Id.*, p. 6. The initial petition asked this court to overturn the decisions of the state court and order Petitioner's immediate release. Doc. 1, p. 16.

As explained in the order directing amendment of the initial petition,:

> The current petition essentially seeks appellate review of the state court proceedings on review of Petitioner's civil commitment. Defects in review or collateral proceedings are unrelated to the underlying cause of detention, and do not state a claim for habeas corpus relief. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004), *cert. denied*, 543 U.S. 960 (2004), *citing* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (other citations omitted). *See also* In re Rutherford, 437 F.3d 1125, 1127 (11th Cir. 2006) (citing Quince and Spradley); Anderson v. Secretary for Dept. of Corrections, 462 F.3d 1319, 1330 (11th Cir. 2006), *cert. denied,* 549 U.S. 1216 (2007) (citing Spradley).

Doc. 5, p. 3 (footnote omitted).

Respondent relies on this analysis in seeking dismissal. Doc. 17, pp. 3-4 (referencing cases cited in the court's order).[3]

---

[3] Respondent references p. 3 of the order of May 4, 2009, doc. 10. That order found the amended petition filed to comply with doc. 5, and that (like the initial petition) claimed error in deciding Petitioner's appeal. Doc. 10, pp. 1-2. No cases were cited in support of that proposition, and no cases for any proposition were cited at p. 3.

In reply, Petitioner claims Respondent is trying to blind the court to the true issue, which is whether the state trial court had jurisdiction over him without the summons and return receipt. Doc. 18, pp. 1-2. He claims that lack of jurisdiction, failure to follow proper rules of procedure in the state proceeding, and an appellate ruling based on an incomplete record and in conflict with prior rulings, all violate due process. *Id.*, pp. 2-4.

Petitioner proceeds pro se, and previously indicated his use of psychotropic medications. See doc. 10, p. 2; doc. 11. I noted that the extent of his ability to understand directions regarding amendment was unclear, and directed the filing of only the completed § 2254 form without any legal argument or exhibits. Doc. 10, p. 2. The second amended petition was served on Respondent along with doc. 10 and the letter from Petitioner (doc. 11) indicating he was still taking his medications. Doc. 13.

Under § 2254 Rule 5(a), an answer is not required unless directed by the court. Sometimes an answer is not required as the court may summarily dismiss a petition if it plainly appears that the petitioner is not entitled to federal relief. § 2254 Rule 4. Here Respondent was directed to file an answer or other pleading in compliance with § 2254 Rule 5, unless a motion to dismiss the entire petition was appropriate. *Id.*, p. 2.

In a situation where the Petitioner proceeds pro se, especially where there is a question as to his ability to follow directions to amend, a response may be necessary. For example, a petition may seem subject to summary dismissal as a legal matter, but portions of the record or clarification of claims should be considered in an abundance of caution. Respondent seeks dismissal with prejudice here, yet has failed to provide even a copy of the judgment under attack, pursuant to which Petitioner is in custody.

In any event, there is enough information to be gleaned from the record, and the petition should be dismissed no matter how liberally Petitioner's allegations are construed.

Petitioner was involuntarily committed as a sexually violent predator (SVP) under what is commonly known as the Jimmy Ryce Act. *See* doc. 17, p. 2; doc. 9, p. 71 in ECF (state's response to motion for summary judgment in default, filed in state court on April 24, 2008) ("[e]ssentially, Grubb was found to be a sexually violent predator, and civilly committed under the Ryce Act."). Petitioner submitted as supplemental authority to his petition In re: Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, 13 So.3d 1025 (Fla. 2009). *See* doc. 15 (allowed as a supplement by doc. 16).[4] The rules set forth in an appendix became effective upon release of the opinion on July 9, 2009. 13 So.3d at 1028.

The habeas corpus petition dated March 14, 2008, and filed in the state appellate court on March 20, 2008, was submitted by Petitioner as Ex. B to doc. 9 (pp. 46-65 of doc. 9 as scanned in ECF). He claimed that Assistant State Attorney Kaden issued a personal summons in case number 2005cv967 on November 3, 2005, but the summons was never served on Petitioner prior to November 14, 2005, when a hearing was held. Doc. 9, p. 53 in ECF, referencing Exs. A and B (addressed ahead), which are at pp. 62-64 in ECF. More specifically, Petitioner claims that "[t]he Personal Summons was never served on Appellant/Petitioner, Prior to the November 14th, 2005, Indigence, Appointment of Counsel and the Ex-Parte Probable Cause Hearing," and that Petitioner informed the court during that hearing that he had never been served. *Id.*, p. 53 in ECF.

---

[4] As noted in the opinion, "Jimmy Ryce" was later removed from the title of the act. 13 So.3d at 1025, n. 1.

Petitioner claimed his confinement was illegal, unconstitutional, and he was entitled to immediate release based on the failure to serve process. *Id.*, p. 56 in ECF. He provided citations regarding the requirement of service of process and personal service in civil actions, the authority of a court to examine its jurisdiction at any time, and the application of due process in civil commitment proceedings. *Id.*, pp. 57-60 in ECF.

Exhibit A is a summons issued on November 3, 2005, in <u>State of Florida v. Grubb</u>, case number 05000967A in the Circuit Court for the First Judicial Circuit in Santa Rosa County. *Id.*, p. 62 in ECF.[5] It required that defenses be served on Kaden as counsel for the State within 20 days of service, with an original copy to be filed with the clerk of court before or immediately thereafter. *Id.* It was signed by a deputy clerk on November 3, 2005. *Id.* The "civil case details" docket for that case, supplied by Petitioner as Ex. B to his state petition, shows that the following were docketed on November 3, 2005: a motion to produce, requests for admissions, motion for ex parte cause determination, interrogatories first set, notice of serving interrogatories to respondent (Petitioner Grubb in this case), and petition for commitment, and summons issued. *Id.*, p. 63. The next docket entry is an order transporting Petitioner on November 9th, followed by an order granting continuance on November 23, 2005. *Id.* The court entered an order determining probable cause and detaining Petitioner on December 21, 2005.

---

[5] Petitioner Grubb was the respondent in the civil commitment proceeding; as explained ahead, the proceeding is initiated by the filing of a petition by the state attorney seeking to have a person declared a sexually violent offender. To avoid confusion Mr. Grubb is referenced here as Petitioner.

Case No. 4:08cv545-RH/WCS

On January 5, 2006, there is a docket entry for "MAIL RETURNED UNDELIVERED SRC SHERIFF." *Id.* On January 9, January 20, May 31, and August 29, 2006, are docket entries for "MAIL RETURNED UNDELIVERED." *Id.* These entries are all consistent with the progress docket provided by Respondent as Ex. A to the motion to dismiss. Doc. 17-2, pp. 2-3 in ECF. A verdict was returned on February 27, 2007, and a final judgment and order of commitment entered on March 1, 2007. *Id.*, pp. 3-4.

It therefore appears that the true point of contention for Petitioner here and in state court is that he was not served with a summons by the prosecutor at the outset, even though summons was issued, that he was not served probably based on the entry of "returned undelivered src sheriff," and that the state court therefore lacked jurisdiction to commit him. His other claims – what the state courts did or should have done on review – all stem from this, and are not cognizable here in any event.

Respondent responds to this underlying claim (ground five), asserting that it raises a question of state law. Doc. 17, pp. 6-9. Petitioner claims by reply that Respondent is using "smokescreen tactics," is insulting the court and legal system, and is misstating the law. Doc. 18, pp. 3-4. He claims that personal service of summons was mandatory, and "[t]he record shows this was not done, nothing need be inferred, it can be read from the docket." *Id.*, p. 4. He refers the court to "Rule 4.070, 4.080 for the true law." *Id.*

According to the web site of the Florida Department of Corrections (DOC), Petitioner was in DOC custody until his release date, on December 25, 2005, the date

he claims his illegal confinement commenced. He was serving a five year sentence (to be followed by a term of 10 years community supervision) imposed in Santa Rosa County, for "L/L CONDUCT V<16 OFF 18+" (lewd and lascivious conduct by a person over 18 on a victim under age 16) committed in 2001.[6]

Florida law provides steps to be taken to initiate civil commitment proceedings for an individual in lawful custody. FLA. STAT. § 394.913 *et seq.*; *see also* Larimore v. State, 2 So.3d 101, 107-111 (Fla. 2008) (discussing the statutory scheme, and noting that the process begins when the individual *is already* lawfully in the State's custody).

The agency having jurisdiction over a person convicted of a sexually violent offense[7] is to give written notice to a multi-disciplinary team, with a copy to the state attorney of the circuit in which the person was last convicted of a sexually violent offense. FLA. STAT. § 394.913(1). The team makes a written assessment as to whether the person meets the definition of a sexually violent predator, which is provided to the state attorney and to the Department of Children and Family Services (DCF). FLA. STAT. § 394.913(3)(e). Certain time limits are proscribed (for example, notice to the team must be given 545 days before the anticipated release of a person in DOC custody), but failure to comply is "not jurisdictional," and, "in no way prevents the state

---

[6] Also indicated is a 1996 offense (for which Petitioner was sentenced to three years in 1998) for "L/L, INDEC.ASLT CHILD U/16 (ATTEMPTED)." Petitioner's date of birth is November 21, 1958.

[7] One or both of the offenses noted *supra* could qualify as a "sexually violent offense," which includes the "[l]ewd, lascivious, or indecent assault or act upon or in presence of the child in violation of s. 800.04 or s. 847.0135(5)." § 394.12(9)(e). *See* § 800.04(4), (5) and (6) (defining lewd or lascivious battery, molestation, and conduct, respectively; as to a victim older than 12 but less than 16 years of age).

attorney from proceeding against a person otherwise subject to the provisions of this part." FLA. STAT. § 394.913(4).[8]

Upon written recommendation by the team that the person meets the definition of a sexually violent predator, the state attorney may file a petition in the circuit court alleging the person is a sexually violent predator and stating facts in support. FLA. STAT. § 394.914. The court then determines whether there is probable cause to believe that the person is a sexually violent predator, and (if so) orders that the person remain in custody and be immediately transferred to an appropriate facility if the sentence expires. FLA. STAT. § 394.915(1). While the individual is still in custody, but after the prison sentence has expired, the court may conduct an adversarial probable cause hearing at which the accused is represented by counsel. FLA. STAT. §§ 394.915(2) (3). In civil commitment proceedings for sexually violent predators, the Florida Rules of Civil Procedure and Florida Rules of Evidence apply unless otherwise specified. FLA. STAT. §§ 394.9155(1) and (2). Rules adopted by the DCF under FLA. STAT. § 394.930 do not constitute, *inter alia,* an evidentiary predicate or elements that the state must prove. FLA. STAT. § 394.9155(6).[9]

---

[8] Section 394.9135 provides the procedure where the anticipated release of a person convicted of a sexually violent offense becomes imminent, allowing transfer to the custody of DCF, with a team assessment to be made within 72 hours of transfer, and a petition to be filed by the state attorney within 48 hours of a recommendation that the person is a sexually violent predator. FLA. STAT. §§ 394.9135(1), (2), and (3). Those requirements are also not jurisdictional and do not prevent the state attorney from proceeding. FLA. STAT. § 394.9135(4).

[9] Section 394.930 requires the DCF to adopt rules of procedure, for example "[t]he protocol to inform a person that he or she is being examined to determine whether he or she is a sexually violent predator under this part." FLA. STAT. § 394.930(6).

The failure of any party to comply with the rules "shall not constitute a defense in any judicial proceedings under this part." FLA. STAT. § 394.9155. Moreover, the argument that service of summons is required since FLA. STAT. § 394.9155(1) incorporates the rules of civil procedure was expressly rejected in Meadows v. Krischer, 763 So. 2d 1087 (Fla. 4th DCA 1999):

> We can read no requirement in the statute that a standard civil summons be issued in Ryce Act cases. The Act requires that the State file its petition in circuit court alleging that the person is a sexually violent predator and requires the court to enter a probable cause order whenever it determines that the person named in the petition should remain in custody after a petition has been filed. The petition for probable cause determination may be obtained *ex parte*, but must be served on the respondent, a necessary party to the action. Of course, the warrant for custody must also be served on the respondent as a party to the action.
>
> Where service of the petition and the warrant finding probable cause is made, a standard civil summons would be unnecessary, especially since this is not a standard civil case. The Baker Act, which is similar to the Ryce Act, does not require service of a summons, but merely requires that the clerk provide the person with a copy of the commitment petition. The purpose of process is to notify the defendant of the proceeding against him and the need to respond, and to observe the court's jurisdiction over the case. The Ryce Act defendant is given notice of the upcoming proceedings via the petition and the probable cause order. Further, the court's issuance and service of the warrant is sufficient to observe the court's assertion of jurisdiction over the matter. Here, the petition, warrant and notice of intent to seek Ryce Act commitment were timely provided to petitioner, and the procedures adhered to were sufficient to meet due process requirements.

763 So. 2d at 1090-91 (citations omitted). Even as a matter of state law, therefore, the proceedings against Petitioner were not defective for failure of service of summons.

While new state rules now provide for service of process, they became effective not only after state court review ended in this case, but after the second amended § 2254 petition was filed. It does not appear they have any application to Petitioner, or

that violation of the state rules would warrant any kind of relief under state law.[10]
Certainly, no possible basis for a federal claim is apparent as to the new rules and, in any event, no such basis was presented to a state court.

Upon review of the various arguments and the record, the court can find no conceivable basis for federal habeas corpus relief. It is therefore respectfully **RECOMMENDED** that Respondent's motion (doc. 17) be **GRANTED**, and the § 2254 petition challenging Petitioner's involuntary civil commitment as a sexually violent predator be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2010.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[10] Even under the 2009 rules, the summons is to be issued by the clerk upon receipt of the order finding probable cause. Fla. R. Civ. P – SVP 4.070(a). Petitioner's complaint has been that he was not properly served before he appeared in state court and was appointed counsel for purposes of determining whether probable cause existed, and that he told the court this at the probable cause hearing.